UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| McMahon Helicopter Services, Inc. | ) | Civ. No. 04-74133 |
| | ) | Consolidated Action |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE AVERN COHN |
| | ) | |
| United States of America, Wayne County | ) | MAG. MONA MAJZOUB |
| Airport Authority d/b/a Willow Run Airport, Sean P. | ) | |
| Brosnan, and John Doe(s), | ) | FILED |
| | ) | |
| Defendants. | ) | JUL 27 2006 |
| | ) | |
| | ) | CLERK'S OFFICE |
| | | U.S. DISTRICT COURT |
| | | EASTERN MICHIGAN |

**ORDER**

This matter comes before the Court on request of the United States for the establishment of final deadlines on several discovery matters. Specifically, the United States seeks final deadlines for Plaintiff's production of Brian McMahon's individual tax returns, Plaintiff's service of an expert report regarding issues of economic loss and accounting, and the taking of all depositions of defense experts.

First, on the issue of producing McMahon's tax returns, the Court finds sufficient basis to set a final deadline, which, if not complied with, will result in the striking of all Plaintiff's economic damages except those relating to the value of the helicopter. The Court sets a final deadline of **August 14, 2006,** for Plaintiff to submit an unredacted copy of these individual tax returns to the Court and to provide a written explanation of the redactions to the United States

Second, on the issue of Plaintiff serving its expert report regarding economic and accounting issues, the Court finds sufficient basis to set a final deadline, which, if not

complied with, will result in the striking of all Plaintiff's economic damages, except those relating to the value of the helicopter. The Court makes this finding because two deadlines have already passed. The scheduling order established the deadline for Plaintiff's expert reports as April 28, 2006. At the informal discovery conference in chambers on June 26, 2006, the Court allowed Plaintiff until July 15, 2006, to serve an expert report on the issue of economics and accounting. Plaintiff failed to produce a report on those subjects by either deadline. As a result, the Court is setting a final deadline of **August 14, 2006**, for Plaintiff's service of its expert report on the issues of economics and accounting.

Finally, on the issue of Plaintiff taking the depositions of defense experts, the Court finds sufficient basis to set a final deadline, which, if not complied with, will result in Plaintiff forfeiting the right to take the depositions of these witnesses. The Court makes this finding because two deadlines have already passed. The scheduling order set June 23, 2006 as the cut-off for expert discovery. At the informal discovery conference conducted in chambers on June 26, 2006, expert discovery was extended thirty days until July 24, 2006. Plaintiff did not to take the depositions of defense experts by either deadline. As a result, the Court is setting a final deadline of **September 15, 2006,** for the taking of defense expert depositions in this case.

SO ORDERED.

Dated: JUL 27 2006
Detroit, Michigan

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

2